TYSON, Judge.
Steve Allen Mooney was indicted for the offense of burglary in the second degree, in violation of § 13A-7-6, Code of Alabama 1975, and two cases of arson in the second degree, in violation of § 13A-7-42, Code of Alabama 1975. Upon the State’s motion, the trial court consolidated these cases against the appellant for trial. The jury found the appellant “guilty of burglary in the second degree” and guilty in both cases “of arson in the second degree.” A sentencing hearing was held at which time the appellant was sentenced as a habitual felony offender and he received a twenty-year sentence in each of these three convictions. One of the two arson sentences was to be served concurrently with the burglary sentence.
Since the appellant does not challenge the sufficiency of the evidence in this cause, the facts in these cases will be addressed only as they pertain to the issues raised on this appeal.
I
This record reflects that an informer, Ronald Wiggins, held approximately three to four monitored conversations with this appellant. Tapes were obtained from these conversations, some of which were subsequently transcribed. The appellant raises two related issues concerning these tapes and their transcripts on this appeal.
(A)
First, the appellant alleges that the trial court erred by admitting into evidence a tape (labeled exhibit 10) of a conversation which occurred between this appellant and Wiggins on January 27, 1988. The appellant asserts that it was erroneous for the trial court to admit this tape recording without requiring a proper foundation to be laid.
*1092 More specifically, the appellant argues that the trial court should have listened to the tape to determine its relevance. He also maintains that the accuracy and chain of custody of this tape were not established, and, thus, it should not have been admitted into evidence.
We are unable to address this issue because this matter has not been properly preserved for our review.
The record reflects that the following occurred at trial during the direct examination of Detective D.C. Bird:
“MS. BROOKS: At this time, Your Hon- or, we would offer State’s Exhibit 10 and 10-A, the tape and the transcript of the January 27th conversation between this defendant and Mr. and Mrs. Wiggins.
“MR. SMITH: We restate our objection to 10-A. We don’t have any objection to the tape. But the compilation of whatever they did which they say is a transcript of the tape we object to.
“THE COURT: Overrule the objection.
“(WHEREUPON, State’s Exhibit Numbers 10 and 10-A were admitted into evidence.)”
(R. 134-135)
It is clear to this court that the appellant failed to object to the admission of the tape (i.e. exhibit 10). Thus, there is nothing preserved for our review. See Reeves v. State, 456 So.2d 1156 (Ala.Crim.App.1984). Moore v. State, 474 So.2d 190 (Ala.Crim.App.1985). The record reflects that the appellant only objected to the admission of the transcript, and not the tape itself.
(B)
The appellant next argues that the trial court erred by admitting into evidence a transcript (i.e. exhibit 9-A) of a taped conversation (i.e. exhibit 9) which occurred between this appellant and the informer, Wiggins, on January 26, 1988. The appellant asserts that the accuracy of this transcript is questionable because the tapes, from which the transcript was made, are inaudible.
The record reflects that, during the direct examination of Detective Bird, the State attempted to introduce the tape (exhibit 9) and its transcription (exhibit 9-A) into evidence. At this time, a discussion was held between counsel and the trial judge concerning the tape. Copies of the transcript were handed out to the jury and the tape was turned on. Shortly thereafter, the trial judge ordered the tape to be turned off because it was inaudible.
Another discussion was then held, outside the presence of the jury, concerning the tape. The trial judge stated that, although a proper predicate had been laid for the admission of the transcript in question, the tape itself was still a problem. Whereupon, appellant’s counsel objected and stated, “Judge, we don’t have any objection to playing the tape, but we do have an objection to them putting a transcript of what they say the tape is.” (R. 125). (Emphasis added.) The record reflects that the trial judge did not rule on this objection. (R. 125).
The prosecution then attempted to explain that sophisticated equipment (i.e., special earphones) had been used to aid in transcribing the tape, along with the knowledge of Wiggins and the detectives who monitored the conversation. The court then said that, after the examination of Detective Bird was completed, Wiggins could testify as to what was on this tape.
The issue of transcript 9-A did not arise again until the cross-examination of Officer Bird by appellant’s counsel. The record reflects that the following occurred:
“MS. BROOKS: Your Honor, at this time we are going to object. Mr. Smith is going through what was marked as State’s Exhibit 9-A. The jury does not have a copy of that. He is taking out of context some things. And we would ask that the jury be provided with a copy at this time and 9-A be admitted if he is going to continue to go through it.
“MR. SMITH: I have no objection. I would like for them to have a copy of it, Your Honor.
“MS. BROOKS: We would move for admission of 9-A.
“THE COURT: It will be admitted.
*1093 “(WHEREUPON, State’s Exhibit Number 9-A was admitted into evidence.)”
(R. 149-150)
It is apparent to this court that, although the appellant had previously objected to the admission of transcript 9-A, he subsequently agreed and even encouraged or asked for its admission. Moreover, the appellant’s counsel used exhibit 9-A extensively to cross-examine Ronald Wiggins.
Thus, the appellant cannot now claim he was injured by the admission into evidence of this transcript. See, Spears v. State, 428 So.2d 174 (Ala.Crim.App.1982).
We have examined this record and find no error. Therefore, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.